## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI

**IN THE MATTER OF:**                           **CHAPTER 13 CASE NO.:**

**ADA BOYCE**                                   **20-13054-JDW**

## RESPONSE TO MOTION TO EXTEND AUTOMATIC STAY

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel,

and files this response to the Debtors' Motion to Extend Automatic Stay (Dkt. #8) (the

"Motion") and in support states as follows:

1.      The Motion fails to include any showing of a substantial financial change

in the Debtor's affairs.  Nonetheless, in the Declaration in Support of Motion to Extend

the Automatic Stay Pursuant to 11 U.S.C. §362(c)(3), the Debtor states that she has "had

a substantial change in my financial or personal affairs since the dismissal of the last

case …."

2.      According to Schedule I (Dkt. #1), the Debtor's total income is $1,470.00

which is comprised of Social Security benefits in the amount of $970.00 and a

contribution of $500.00 from family members.

3.      In the recently dismissed case no. 16-12501-JDW, the Debtor's Schedule I

revealed total income of $1,549.00 which was comprised of Social Security benefits in

the amount of $949.00 and a contribution of $600 from family members.

4.      The Trustee alleges that the Debtor has not had a substantial change in her

financial affairs.  Therefore, pursuant to §362(c)(3)(C)(i)(III), this case is presumed to

have been filed not in good faith.

5.      The Trustee requests that the Motion be denied.

6.      In the alternative, should the Motion be granted, the Trustee requests that any extension of the automatic stay be conditioned upon the following strict compliance provisions:  (a) the Debtors must be current in all plan payments due at the time the plan is ready for confirmation; (b) the Debtors must continue to remit payments and not become delinquent for a period of 60 days or more; and (c) failure to comply with either of the provisions shall result in the dismissal of this bankruptcy case without the necessity of further notice or hearing.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order denying the Debtors' Motion and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: November 5, 2020

Respectfully submitted,
LOCKE D. BARKLEY, TRUSTEE

BY:  /s/ W. Jeffrey Collier
W. JEFFREY COLLIER, ESQ.
Attorney for Trustee
6360 I-55 North, Suite 140
Jackson, Mississippi 39211
(601) 355-6661
ssmith@barkley13.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: November 5, 2020

/s/ W. Jeffrey Collier
W. JEFFREY COLLIER