

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN THE MATTER OF:** | **CHAPTER 13 CASE NO.:** |
| **ADA BOYCE** | **20-13054-JDW** |

### AGREED ORDER GRANTING IN PART MOTION TO EXTEND AUTOMATIC STAY

THIS MATTER came before the Court on the Motion to Extend Automatic Stay (Dkt. #8) (the "Motion") filed by the Debtor and the Response to Motion to Extend Automatic Stay (Dkt. #11) (the "Objection") filed by Locke D. Barkley, Chapter 13 Trustee ("the Trustee"). Upon agreement of the parties,

IT IS ORDERED that:

1. The Motion shall be and is hereby granted in part. The automatic stay of 11 U.S.C. § 362(a) shall be and is hereby extended as to all creditors.

2. The Debtor must be current in plan payments and have remitted sufficient funds for disbursement to creditors at the time when the Trustee determines that the case is ready for confirmation.

3. Should the Debtor not be current in plan payments at that time, the Trustee will give the Debtor (by U.S. Mail) and counsel for the Debtor (by electronic mail) notice of the amount due (the "Notice").

4. The Debtor shall have fourteen (14) days from the date of the Notice, or such longer period as may be stated in the Notice, to cure the delinquency. The funds necessary for

the cure <u>must be received by the Trustee</u> on or before the date due. If the delinquency is not timely cured, this case shall be dismissed by subsequent order without further notice or hearing.

5. Should the Debtor become sixty (60) days or more delinquent in Chapter 13 plan payments, calculated from the month of confirmation, this case shall be dismissed by subsequent order without further notice or hearing.

6. Should the Debtor remain current in scheduled plan payments for a consecutive twelve (12) month period commencing with the month of confirmation the strict compliance provision in paragraph five (5) shall be unenforceable thereafter.

**##END OF ORDER##**

AGREED & APPROVED:

/s/ W. Jeffrey Collier
W. JEFFREY COLLIER – MSB#10645
ATTORNEY FOR TRUSTEE

/s/ Robert H. Lomenick, Jr.
ROBERT H. LOMENICK, JR.
ATTORNEY FOR DEBTOR

Prepared by:
W. Jeffrey Collier, Esq.
Attorney for Trustee
6360 I-55 North, Suite 140
Jackson, Miss. 39211
(601) 355-6661
ssmith@barkley13.com
MSB No. 10645